Hudson M. Jobe
Timothy A. York
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

Proposed Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| METRA WESTWOOD, L.P., | § | CASE NO. 11-31916-hdh-11 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

**TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE:**

Metra Westwood, L.P. (the "Debtor" or "Metra") files this Emergency Motion for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral (the "Motion") pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 507, 552, and FED. R. BANKR. P. 4001, and in support thereof respectfully represents to the Court as follows:

**I.
JURISDICTION & VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This Motion constitutes a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 & 1409.

## II.
## BACKGROUND

2. On March 23, 2011 (the "Petition Date"), Debtor, Metra Westwood, L.P. filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), commencing its above-styled bankruptcy case.

3. The Debtor continues to operate and manage its business as a "debtor in possession" pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in the chapter 11 case ("Chapter 11 Case") pursuant to section 1104 of the Bankruptcy Code.

5. The Debtor owns and operates Westwood Apartments, a 120 unit apartment complex in Mary Esther, Florida (the "Property").

6. Wells Fargo Bank, N.A., as successor to LaSalle Bank, National Association, as Trustee for the Registered Holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2002-2, Acting By and Through C-III Asset Management LLC ("Wells Fargo") claims a first priority lien against the Property and the proceeds thereof (the "Lien") relating to a security agreement and promissory note in the current principal amount of approximately $4,753,315.26 (the "Loan"). The Debtor has not fully reviewed or evaluated the extent and validity of Wells Fargo's asserted liens and reserves the right to contest such liens, as well as assert other claims against Wells Fargo as applicable.

7. Subject to the Debtor's right to object to the claims, liens and indebtedness of Wells Fargo, and for purposes of this motion only, all rents, income and proceeds from the Property that are now in the Debtor's possession, custody or control, or in which the Debtor will obtain an interest during the case and any other "cash collateral" within the meaning of Section

363(a) of the Bankruptcy Code (collectively, the "Cash Collateral") constitute the Cash Collateral of Wells Fargo.

### III. REQUEST FOR AUTHORITY TO USE CASH COLLATERAL

8. The Debtor requires the use of Wells Fargo's alleged Cash Collateral to continue the operation of its business and will suffer irreparable and immediate harm if it is not granted the relief requested here. An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of the business, and without such funds, the Debtor will not be able to pay direct operating expenses and obtain goods and services needed to carry on Debtor's business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate.

9. The Debtor is without sufficient funds, other than Cash Collateral, to operate for fourteen or more days until a final hearing on this Motion can be held. Therefore, interim authorization to use Cash Collateral for necessary ordinary course expenses and expenses of this Chapter 11 proceeding is essential. In the absence of immediate authority to use Cash Collateral, the Debtor's ability to reorganize and preserve the value of its assets will be immediately and irreparably jeopardized.

10. Furthermore, the Debtor's ability to use Wells Fargo's alleged Cash Collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, to the Debtor's tenants and clients, and to the preservation and maintenance of the going concern value of the Debtor's estate.

11. Pursuant to Section 363 of the Bankruptcy Code, the Debtor is requesting authority to use cash collateral to satisfy the Debtor's normal and necessary operating expenses. A budget reflecting the projected normal and necessary costs for the months of April, May, and

June, 2011 is attached hereto as Exhibit "A". Absent the authority to use the amounts set forth in Exhibit "A", the Debtor will be unable to operate and therefore successfully reorganize.

12. Because the Debtor's request for interim authorization seeks the use of only that amount of Cash Collateral as is necessary to avoid immediate and irreparable harm to the value of its assets pending a final hearing, this request complies with Rules 4001(b)(2) and 6003 of the Federal Rules of Bankruptcy Procedure.

## IV. **OFFER OF ADEQUATE PROTECTION**

13. As adequate protection for the use of its collateral and pursuant to Sections 361(2) and 363(e) of the Bankruptcy Code, the Debtor proposes to provide Wells Fargo with automatically perfected, first priority replacement liens and security interests ("Replacement Liens") in the Cash Collateral to the same extent, validity, and priority of Wells Fargo's pre-petition liens in the same. Furthermore, the Debtor is fully covered by commercial property and liability insurance and will place all excess income after payment of the expenses set forth on the attached Budget into a Debtor in Possession account.

14. The uninterrupted continuation of the Debtor's business will maximize the value of the assets in which Wells Fargo asserts a lien. Therefore, the Replacement Liens, along with the maintenance of insurance on the Property and the deposit of excess cash into a Debtor in Possession bank account, will adequately protect Wells Fargo's interest in its collateral. In any event, the Debtor requests authority to use the Cash Collateral under the terms set forth herein, or other terms as agreed by the parties or ordered by this Court as necessary to provide the adequate protection required by the Bankruptcy Code.

15. The Debtor contends that it should be granted interim relief under 11 U.S.C. §363(c)(3) because the Debtor is likely to prevail at a final hearing on this Motion.

WHEREFORE, BASED UPON THE FOREGOING, the Debtor requests that the Court grant the relief requested, authorize the Debtor's use of the Cash Collateral under the terms set forth herein, and grant the Debtor such other and further relief in law or in equity to which the Debtor may show itself justly entitled.

DATED: March 28, 2011.

        Respectfully submitted,

        QUILLING, SELANDER, LOWNDS,
        WINSLETT & MOSER, P.C.
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 – Telephone
        (214) 871-2111 – Facsimile

        By: */s/ Timothy A. York*
            Hudson M. Jobe
            State Bar No. 24041189
            Timothy A. York
            State Bar No. 24035719

        PROPOSED ATTORNEYS FOR DEBTOR

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has communicated with Wells Fargo Bank, N.A.'s attorneys, attached copies of the April, May, and June, 2011 budget, and requested authority to use cash collateral on an interim basis. As of this filing, Wells Fargo Bank, N.A. has not consented to the Debtor's usage of cash collateral, although the parties continue to work together in an effort to negotiate an acceptable order.

        */s/ Timothy A. York*
        Timothy A. York

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2011, a true and correct copy of the foregoing document has been served in the manner indicated below, electronic mail via the Court's ECF system, and/or U.S. first class mail, postage prepaid, upon those listed on the attached service list.

ustpregion06.da.ecf@usdoj.gov
*U.S. Trustee*
UST U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

                */s/ Timothy A. York*
                Timothy A. York